1 | **KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
2 | ak@kazlg.com
Matthew M. Loker, Esq (SBN 279939)
3 | ml@kazlg.com.com
2700 North Main Street, Ste. 1000
4 | Santa Ana, CA 92705
Telephone: (800) 400-6808
5 | Facsimile: (800) 520-5523

6 | **HYDE & SWIGART**
7 | Joshua B. Swigart, Esq., Bar No. 225557
josh@westcoastlitigation.com
8 | 411 Camino Del Rio South, Suite 301
9 | San Diego, CA 92108-3551
Telephone: (619) 233-7770
10 | Facsimile:  (619) 297-1022

11 |
*Attorneys for Plaintiff,*
12 | Dave Vaccaro

13 |

14 | UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

15 |

**DAVE VACCARO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

Plaintiffs,

v.

**I.C. SYSTEM, INC.,**

Defendant.

**Case No.:** 12-cv-02371-JAH-NLS

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STAY DISCOVERY**

**HON. NITA L. STORMES**

///
///
///
///
///
///

*(vertical left margin)* KAZEROUNI LAW GROUP, APC 2700 Noth Main Street, Suite 1000 Santa Ana, CA 92705

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE MOTION TO STAY DISCOVERY**

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO STAY DISCOVERY

## I.   INTRODUCTION

This putative class action seeks damages and injunctive relief on behalf of a class of Californians who were subjected to Defendant's illegal conduct of recording California consumers without said consumers knowledge or consent. In response to Plaintiff's Complaint, Defendant filed a Motion for Judgment on the Pleadings. [Court doc. # 8].   Thereafter, Defendant filed the current Ex Parte Motion request that this Court stay discovery until Defendant's Motion has been ruled upon.  [Court doc. # 9].  In pursuing this Motion, Defendant intentionally misrepresents the contents of the February 13, 2013 telephonic communication between Matthew M. Loker, Esq., counsel for Plaintiff, and Joshua R. Shoumer, Esq., counsel for Defendant.  [Court doc. # 9-3].  Moreover, Defendant fails to establish that "good cause" exists that would allow this Court to grant Defendant's Ex Parte Motion.

## II.   LEGAL STANDARD

Pursuant to *Federal Rule of Civil Procedure 26(c)* ("FRCP 26(c)), a party from whom discovery is sought may move for a protective order where the action is pending.  Furthermore, the motion must include a certification that the movant has in **good faith** conferred with opposing counsel in an effort to resolve the dispute without court action.  See FRCP 26(c).  Finally, the court may, for good cause,

KAZEROUNI LAW GROUP, APC
2700 Noth Main Street, Suite 1000
Santa Ana, CA 92705

issue an order forbidding the disclosure.  Id.  In addition, Motions to Stay "are not favored because when discovery is delayed or prolonged it can create case management problems which impeded the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261, 263 (M.D.N.C. 1988).  See also *Jackson v. Denver Water Bd.,* 2008 WL 523387 at *1 ("Generally, it is the policy in this district not to stay discovery pending a ruling…").

## III.  ARGUMENT

Defendant's Ex Parte Motion should be denied since (A) Defendant failed to meet and confer with Plaintiff in good faith prior to filing Defendant's Ex Parte Motion; and, (B) Defendant failed to establish "good cause" for staying discovery.

### A. DEFENDANT FAILED TO MEET AND CONFER WITH PLAINTIFF IN GOOD FAITH PRIOR TO FILING DEFENDANT'S EX PARTE MOTION.

As stated above, a Motion brought pursuant to FRCP 26(c) must include a certification that the movant has in good faith conferred with opposing counsel in an effort to resolve the dispute without court action.  *FRCP 26(c).*  This certification is notably absent from Defendant's Memorandum of Points and Authorities; the Declaration of Sean Flynn; and, the Declaration of Joshua Shoumer.  In fact, the Declaration of Joshua Shoumer materially misrepresents the contents of the February 1, 2013 telephonic communication between Joshua Shoumer and Matthew M. Loker in bad faith.

KAZEROUNI LAW GROUP, APC
2700 Noth Main Street, Suite 1000
Santa Ana, CA 92705

stipulate to a document that Loker had not seen. Declaration of Matthew M. Loker, page 2, ¶ 14, lines 7-8. However, Loker informed Shoumer that Plaintiff could better determine if Plaintiff was able to stipulate to a protective order after reviewing said protective order. Declaration of Matthew M. Loker, page 2, ¶ 15, lines 9-10.

As stated above, Defense counsel has failed to certify that defense counsel has brought this Ex Parte Motion in good faith. Shoumer's Declaration disingenuously conceals that on numerous occasions during the ten-minute conversation, Loker informed Shoumer that Plaintiff would agree to a reasonable extension and a protective order if necessary. Declaration of Matthew M. Loker, page 1, ¶ 7, lines 20-21. See also Declaration of Matthew M. Loker, page 2, ¶ 15, lines 9-10. In fact, Plaintiff's counsel has granted similar requests to Defendant's counsel in numerous other cases. The only difference between these cases and the current matter is that Shoumer had not yet reviewed Plaintiff's discovery requests. Had Shoumer conducted even a minimal level of due diligence in reviewing Plaintiff's discovery requests, Loker would have agreed to a reasonable extension and/or protective order. Declaration of Matthew M. Loker, page 1, ¶ 7, lines 20-21. See also Declaration of Matthew M. Loker, page 2, ¶ 15, lines 9-10. Considering Defendant's conduct in selectively quoting the ten-minute conversation between Shoumer and Loker while under the penalty of perjury,

KAZEROUNI LAW GROUP, APC
2700 Noth Main Street, Suite 1000
Santa Ana, CA 92705

Specifically, at 4:48 p.m. on Friday February 1, 2013, Plaintiff's counsel, Matthew M. Loker, received a call from Defendant's counsel, Joshua R. Shoumer. Declaration of Joshua R. Shoumer, page 1, ¶ 2, lines 24-25.  See also Declaration of Matthew M. Loker, page 1, ¶ 1, lines 8-9.  During this approximately ten-minute conversation, Shoumer and Loker discussed the written discovery currently pending in this matter.  Declaration of Joshua R. Shoumer, page 1, ¶ 2, lines 24-25.  See also Declaration of Matthew M. Loker, page 1, ¶ 2, lines 10-11.  Shoumer began the February 1, 2013 telephonic communication by informing Loker that Shoumer had not yet reviewed Plaintiff's discovery that had been propounded on January 21, 2013, eleven days earlier.  Declaration of Matthew M. Loker, page 1, ¶ 3, lines 12-13.  Thereafter, Shoumer requested that Loker grant Shoumer's client an extension for an indefinite period of time to respond to Plaintiff's discovery requests.  Declaration of Matthew M. Loker, page 1, ¶ 4, lines 14-15.  Loker responded by asking Shoumer how Shoumer could know that Defendant required an extension without first reviewing Plaintiff's discovery requests.  Declaration of Matthew M. Loker, page 1, ¶ 5, lines 16-17.  Shoumer failed to provide an articulate response to Loker's query.  Declaration of Matthew M. Loker, page 1, ¶ 6, lines 18-19.  As such, Loker requested that Shoumer review Plaintiff's discovery requests that had been propounded nearly two-weeks prior so that Shoumer could determine if an extension was even necessary.  Declaration of Joshua R. Shoumer,

KAZEROUNI LAW GROUP, APC
2700 Noth Main Street, Suite 1000
Santa Ana, CA 92705

page 3, ¶ 7, lines 9-10.[1] Declaration of Matthew M. Loker, page 1, ¶ 7, lines 20-21.

Later, Shoumer requested Loker to grant a discovery extension until two weeks after a ruling on Defendant's Motion for Judgment on the Pleadings was issued. Declaration of Joshua R. Shoumer, page 1, ¶ 3, lines 26-28. See also Declaration of Matthew M. Loker, page 1, ¶ 8, lines 22-24. Loker denied such an open-ended request due to Loker's obligation to ensure the just and speedy resolution of this matter. Declaration of Matthew M. Loker, page 1, ¶ 9, line 25. However, Loker informed Shoumer that Plaintiff would agree to a reasonable extension if Shoumer determined that one was actually necessary. Declaration of Matthew M. Loker, page 1, ¶ 10, lines 26-28.

Subsequently, Shoumer asked Loker to stipulate to a protective order with regard to Plaintiff's discovery requests. Declaration of Joshua R. Shoumer, page 3, ¶ 4, lines 1-2. Declaration of Matthew M. Loker, page 2, ¶ 11, line 1. Loker asked what information Defendant would require a protective order to protect. Declaration of Matthew M. Loker, page 2, ¶ 12, lines 2-3. Since Shoumer had not yet reviewed Plaintiff's discovery requests, Shoumer could not provide Loker with a reason for requiring a protective order. Declaration of Matthew M. Loker, page 2, ¶ 13, lines 4-5. As such, Loker informed Shoumer that Loker could not agree to

---

[1] Shoumer's Declaration also contains the identical information on page 2 of Shoumer's Declaration; however, the second page of Shoumer's Declaration is unsigned. As such, all applicable references will be to the third page of Shoumer's Declaration since the third page actually contains Shoumer's signature.

KAZEROUNI LAW GROUP, APC
2700 Noth Main Street, Suite 1000
Santa Ana, CA 92705

Plaintiff strongly believes that this Ex Parte Motion has been brought in bad faith.

Thus, Plaintiff requests that this Court deny Defendant's Ex Parte Motion.

## B. DEFENDANT FAILED TO ESTABLISH "GOOD CAUSE" FOR STAYING DISCOVERY.

Defendant argues that this Court should automatically stay discovery due to Defendant's pending Motion for Judgment on the Pleadings. [Defendant's Ex Parte Motion, page 3, lines 12-13]. However, Defendant fails to acknowledge that the mere filing of a dispositive motion, standing alone, is not sufficient grounds for staying discovery. See *Tamburo v. Dworkin*, 2010 WL 4867346 at *1-2. See also *Coyle v. Hornell Brewing Co.*, 2009 WL 1652399 at *3; *Rothstein v. Steinberg*, 2008 WL 5716138 at *4; *Geral Chamales Corp. v. Oki Date Americas, Inc.*, 247 F.R.D. 453 (D.N.J. 2007). In addition, some courts also require that the burden must be an extraordinary burden, so a defendant cannot rely on a generic assertion that discovery will be burdensome, since that is always the case. See *Jackson v. Denver Water Bd.*, 2008 WL 5233787. In order to establish that an "extraordinary burden" exists, a defendant must show that the case is unusually complex, discovery will be unusually extensive, etc. See *S.K.Y. Mgmt. L.L.C. v. Greenshoe, Ltd.*, 2007 WL 201258 at *1.

Here, Defendant merely asserts that due to Defendant's pending Motion, Defendant should automatically be granted a stay. [Defendant's Ex Parte Motion, page 3, lines 12-13]. This position is flawed in that Defendant is required to provide more than just this conclusory statement in order to stay discovery. Courts

KAZEROUNI LAW GROUP, APC
2700 Noth Main Street, Suite 1000
Santa Ana, CA 92705

require more than conclusory statements since stays of all discovery are disfavored.[2] Similarly, "[a]bsent some compelling reason, the Court will not stay discovery." *Steil v. Humana Health Care Plans, Inc.*, 2000 WL 730428. Since Defendant has failed to provide any compelling reasons for this Court to stay discovery, Defendant's Ex Parte Motion should be denied.

### 1. *Defendant fails to cite any statutory authority for staying discovery.*

Defendant cites FRCP 26(c) for the proposition that a court may "issue an order to protect a party or person from…undue burden or expense, including…forbidding…discovery." [Defendant's Ex Parte Motion, page 2, lines 21-13]. Based upon this section alone, Defendant requests this Court to stay all discovery until Defendant's Motion has been ruled upon. However, the Federal Rules of Civil Procedure explicitly state that discovery may proceed while dispositive motions are pending in federal litigation, unless the matter is governed by the Private Securities Litigation Reform Act. See *Federal Rule of Civil Procedure 26(c)* ("FRCP 26(c)"). The Federal Rules of Civil Procedure have no specific section regarding the availability of discovery during the pendency of a dispositive motion. FRCP 26(d)(1) is the only federal rule to specifically address the timing of discovery and it does not provide that a dispositive motion must be

---

[2] See, for example, *Jackson v. Denver Water Bd.*, 2008 WL 5233787 at *1 ("Generally, it is the policy in this district not to stay discovery pending a ruling on motions to dismiss."); *Steil v. Humana Health Care Plans, Inc.*, 2000 WL 730428 at *1.

decided before discovery commences.[3] As such, Defendant's conclusory statements not only lack the support of case law; these same statements also lack any statutory support. Thus, Defendant's Ex Parte Motion should be denied.

## C. PLAINTIFF WILL BE PREJUDICED IF THIS COURT GRANTS A STAY OF DISCOVERY.

Furthermore, Defendant also argues that a stay will result in no prejudice to Plaintiff. [Defendant's Ex Parte Motion, page 4, lines 16-18]. Again, Defendant's argument is not supported by any authority whatsoever and disregards the Federal Rules of Civil Procedure. Specifically, *Federal Rule of Civil Procedure 1* ("FRCP 1") requires the Rules of Civil Procedure to be "constructed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1. In the event that Defendant's Motion is ultimately denied, even in part, this entire matter will have been unnecessarily delayed. Such a delay will substantially prejudice Plaintiff's ability to prosecute this case since delay presents the risk of deterioration of evidence as documents are lost, memories fade, and/or witnesses become available. Furthermore, Plaintiff will be further burdened as the majority of motions to dismiss across the country are denied, at least in part.[4]

---

[3] See *Williams v. New Day Farm, LLC,* 2010 WL 35222397 at *2 ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect").

[4] The monthly percentage of motions to dismiss granted compared to motions to dismiss filed was typically less than 40% and never more than 47% from January 2007 to October 2009. See *Motions to Dismiss*, Admin. Office of the U.S. Courts (Apr. 13, 2010),

KAZEROUNI LAW GROUP, APC
2700 Noth Main Street, Suite 1000
Santa Ana, CA 92705

Based upon the above, it is evident that any delay in discovery may cause serious prejudice to Plaintiff's ability to prosecute the current matter.   Since Defendant has failed to provide any legitimate reason for staying discovery, Defendant's Ex Parte Motion ought to be denied.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that Defendant's Ex Parte Motion be denied,

Dated: February 11, 2013                    **KAZEROUNI LAW GROUP, APC**

                                            BY:   /s/ ABBAS KAZEROUNIAN___
                                                  ABBAS KAZEROUNIAN, ESQ.
                                                  ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
2700 Noth Main Street, Suite 1000
Santa Ana, CA 92705

http://uscourts.gov/uscourts/RulesandPolicies/rules/Motions%20to%20Dismiss_0 42710.pdf

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE MOTION TO STAY DISCOVERY